FILED

MAR 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MISAK MANASERYAN,

    Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

    Respondent.

No. 09-73851

Agency No. A096-345-354

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

    Misak Manaseryan, a native of Iran and citizen of Armenia, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT").  Our

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Singh-Kaur v. INS*, 183 F.3d 1147, 1149-50 (9th Cir. 1999), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Manaseryan's inability to adequately explain his job functions at the nuclear power plant at which he allegedly worked, *see id.* at 1153 (approving agency's finding that an applicant's testimony was suspicious given its lack of specificity), and based on Manaseryan's failure to provide corroboration after being given an opportunity to do so, *see Chebchoub v. INS*, 257 F.3d 1038, 1044-45 (9th Cir. 2001). In the absence of credible testimony, Manaseryan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Manaseryan's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not that he will be tortured if returned to Armenia, his CAT claim also fails. *See id.* at 1156-57.

Finally, to the extent Manaseryan raises translation or transcription issues related to his hearing, we lack jurisdiction to review his claim because Manaseryan

09-73851

did not exhaust it before the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 678

(9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**